IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ELLEN C. WHITE,                           Case No. 16-cv-42-pp

           Plaintiff,

v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
PAMELA BLOOMER and AURORA CHEONG,

           Defendants.

---

**ORDER DENYING THE PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2) AND DISMISSING THE COMPLAINT (DKT. NO. 1)**

---

On January 11, 2016, plaintiff Ellen White, representing herself, filed a complaint alleging that the defendants "fail[ed] to conduct an efficient EEOC investigation with due diligence on plaintiff's case." Dkt. No. 1. She also filed a motion to proceed *in forma pauperis*. Dkt. No. 2. This order addresses the motion, and dismisses the case as frivolous.

A district court may authorize a plaintiff to proceed *in forma pauperis*—meaning that she does not have to pre-pay the $400 filing fee to start a civil lawsuit—if the plaintiff submits an affidavit listing her assets, indicating that she is unable to pay the fees, and stating her belief that she is entitled to the relief she seeks. 28 U.S.C. §1915(a).

The plaintiff's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee indicates that she is not employed and is not married. Dkt. No. 2 at 1. She reports two sources of income. Id. at 2. First, she receives

1

$1,606.65 each month from Randstad U.S., L.P. She also receives $4,100 monthly from the State of Wisconsin in unemployment benefits. This totals $5,706.65 in monthly income. Her expenses include $200 in rent each month, $50 a month in credit card payments, and $600 in monthly household expenses, totaling $850 a month in expenses—which yields a resulting monthly disposable income of $4,856.65.

The plaintiff owns a 2006 Scion xB which she values at $3,900. Id. at 3. She also owns her home free and clear. Her affidavit indicates that her home has a value of $42,200, and that she has equity in the home in that same amount. Id. She also has a bank account containing $300. Id.

A district court has the discretion to order a plaintiff to pay a portion of the filing fee, and to waive the remainder if it finds that the plaintiff cannot pay the full expense but can pay part of it. See Longbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999). In this case, the plaintiff's affidavit shows that she has monthly income of $5,706.65 and monthly expenses of $850, leaving a surplus of $4,856.65. The information contained in the plaintiff's affidavit, signed under the penalty of perjury, demonstrates that has more than enough money left over to be able to pay the full filing fee, and for that reason alone, the court will not allow the plaintiff to proceed *in forma pauperis*.

The second prong of the fee waiver analysis requires the court to consider whether the plaintiff's claim appears to be frivolous. 28 U.S.C. §1915(e)(2)(B)(i). A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke

2

v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993). In her complaint, the plaintiff does not reference 42 U.S.C. §1983 or Title VII. Although the clerk's office interpreted her claims as alleging constitutional violations under §1983, the court finds that her claims are frivolous under both statutes.

The plaintiff names three defendants in the complaint. First, she sues the EEOC. "It is settled law, in this and other circuits, that Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge." McCottrell v. E.E.O.C., 726 F.2d 350, 351 (7th Cir. 1984) (collecting cases). "[A] plaintiff's remedy in a case such as this is to commence suit in the district court against the party allegedly engaged in discrimination." Id. at 352. The plaintiff already has filed such a suit in the district court, against the City of New Berlin, Kari Morgan, and David Ament. See White v. City of New Berlin et. al., No. 16-CV-41 (E.D. Wis. 2016). Indeed, she filed that complaint on the same day that she filed the instant compliant.

Further, this complaint alleges only that the EEOC area office was not "efficient" in investigating the plaintiff's case, and did not conduct its investigation in the way the plaintiff wanted. At best, the plaintiff has alleged nothing more than that the EEOC made mistakes, and a procedural or investigative error by the EEOC does not constitute an actionable, constitutional wrong. See Stewart v. E.E.O.C., 611 F.2d 679, 681 (7th Cir. 1979). Therefore, the plaintiff cannot proceed on a claim against the EEOC

3

under either §1983 or under Title VII, and the court will dismiss her claim against the EEOC as frivolous.

Next, the plaintiff sues Pamela Bloomer and Aurora Cheong. The "statement of the claim" portion of the complaint never mentions Pamela Bloomer. The court cannot discern who Pamela Bloomer is, or how the plaintiff claims Pamela Bloomer participated in the events surrounding the plaintiff's claim. For that reason, the court will dismiss the claim against Pamela Bloomer as frivolous.

The plaintiff alleges that Aurora Cheong was an "EEOC supervisor . . . who told plaintiff the defendant was working in another role at the State level, no one had worked on the plaintiff's case for two months, [and] a new investigator needed to be assigned [to] the case." Dkt. No. 1 at 3. Even construing the plaintiff's claim against defendant Cheong broadly, defendant Cheong did nothing but relay information to the plaintiff. It is not a violation of a person's constitutional rights to provide her with information that she'd rather not hear. In addition, even if the plaintiff had alleged that defendant Cheong somehow was involved in delaying her EEOC investigation, the plaintiff does not have a constitutional right to have her EEOC investigation conducted within a particular time frame, or in a particular way. And even if the plaintiff had alleged that defendant Cheong made some sort of mistake, the court already has indicated that procedural errors or mistakes are not actionable under Title VII. The court will dismiss the plaintiff's claim against Aurora Cheong as frivolous, and thus will dismiss the entire complaint as frivolous.

4

Because the filing fee is due for the privilege of filing the complaint, the court will require the plaintiff to pay the filing fee.

The court **DENIES** the plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. No. 2. The court **ORDERS** that the plaintiff must pay the full filing fee of $400 to the Clerk of Court for this district on or before **FRIDAY JANUARY 29, 2016**. The court also **DISMISSES** the complaint because it is frivolous.

Dated in Milwaukee, Wisconsin this 19th day of January, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

5

Case 2:16-cv-00042-PP   Filed 01/19/16   Page 5 of 5   Document 4